## DE LA RAMA S. S. CO., Inc., v. UNITED STATES.

### THE DONA AURORA.

District Court, S. D. New York.

Jan. 9, 1946.

Burlingham, Veeder, Clark & Hupper, of New York City (Norman M. Barron, of New York City, of counsel), for libellant.

John F. X. McGohey, U. S. Atty., of New York City (Edward L. Smith, Asst. U. S. Atty., of New York City, of counsel), for respondent.

KNOX, District Judge.

Respondent's motion for a discovery and inspection of libellant's books, papers and other evidences of the value of the motor vessel will be granted to the extent indicated:

(1) Letters or other communications, if any, between libellant and third parties relating to the vessel's market value at the time of loss, as, for example, by offers to buy, sell or charter.

(2) All plans, specifications, blue prints and diagrams in libellant's possession or control relating to the Dona Aurora.

(3) Libellant's book entries indicating the initial cost of the Dona Aurora, less the arbitrary depreciation thereon as a bookkeeping matter, from the date the vessel was put in service until the date on which she was lost. Inspection should also be had of libellant's books and papers showing costs of betterments made to the vessel over such period, together with her costs of operation. Profit and loss statements, showing the earnings of the vessel over the time she was in commission, should likewise be furnished.

(4) Haskins & Sells' statements having to do with the earnings of the vessel over the period mentioned.

(5) Appraisal by Robert S. Haight of the Dona Aurora as of the date of loss based on estimated cost of reproduction, together with all data and information that was supplied to him in connection therewith.

(6) Any and all surveys relating to the general condition of the Dona Aurora which may be in libellant's possession or control, together with surveys and specifi-

cations, if any, relating to repairs, renewals, replacements or alterations carried out with respect to said vessel.

The limitations of the order to be entered hereon are without prejudice to respondent's right to further relief in the event that the discovery authorized is not reasonably sufficient to serve the legitimate purpose of the inquiry.

The examination of libellant's books and papers shall be so conducted as to impose a minimum of inconvenience and annoyance upon libellant. Furthermore, should libellant contend that any of the books, papers and documents are not relevant to the proper purposes and objectives of respondent, such contention may be brought to the attention of the court for a determination thereof.